N. AUGUST, JR., AND COMPANY, INC., A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. EDWARD CROSTA, DEFENDANT-APPELLANT.

Submitted October 7, 1941—Decided December 19, 1941.

Before Justices PARKER, DONGES and COLIE.

For the appellant, *George R. Handler*.

For the respondent, *Hyman Busch*.

The opinion of the court was delivered by

COLIE, J. Respondent brought suit against appellant to recover upon a state of demand setting forth in one count a book account and in a second count a cause of action based on the value of goods sold and delivered, on an account stated and a promise to pay. The trial resulted in a judgment in favor of respondent for a balance claimed of $123.24 and interest, from which appellant appeals urging error in that the trial court held (1) that a certain instrument admitted in evidence did not release him from liability and (2) that there was not an accord and satisfaction.

N. August, Jr., and Company furnished plumbing supplies to the value of $523.34 to Edward Crosta for use in construction on lands owned by Royal Crown Bottling Company. Crosta received $400 by draft of Royal Crown Bottling Company to the order of one Templeton and endorsed over to defendant by Templeton. There was conflicting testimony as to whether or not there had been a dispute as to the amount due and a Mr. Nathan August testified that he never agreed to accept $400 in full payment of plaintiff's bill. Defendant introduced in evidence an undated instrument, reading as follows:

"N. August, Jr. & Co., Inc.,
                            Claimant,

                and                             Discharge of
                                                Mechanic's
Weiner Coach, Royal Crown Bottling Co.,          Notice of
    Prudential Insurance Co., & R. Tem-          Intention
    pleton,
                            Owner.

Whereas, a Mechanic's Notice of Intention was filed by N. August, Jr. & Co., Inc. in the office the Clerk of the County of Essex, in the State of New Jersey on the 24th day of Feb., 1940, which said Notice of Intention is numbered in file, giving notice that intended to perform labor and/or furnish materials for the erection and construction of a building for Royal Crown Bottling Co., on lands owned by them situate in the City of Newark County of Essex and State of New Jersey and more particularly described as follows: Commonly & known as 239-41 Raymond Boulevard, Newark, N. J. Lot 10 Block 2341.

And whereas, the said N. August, Jr. & Co., Inc. has received the sum of Four Hundred ($400.00) Dollars in full satisfaction and discharge of the indebtedness due for labor performed and/or materials furnished in the erection and construction of the building aforesaid,

Now, therefore, these presents are to acknowledge the receipt of such monies in full satisfaction of said indebtedness and to authorize and direct the Clerk of the County of Essex, in the State of New Jersey, to cancel, satisfy or discharge of Record the Mechanic's Notice of Intention aforesaid.

In Witness Whereof,

                            N. AUGUST, JR. & Co., INC.
                            N. AUGUST
                                        Pres.

Signed, Sealed and Delivered
        in the presence of
        Sarah Steinberg
            Acting Sec."

In this instrument the plaintiff is described as "claimant;" the defendant is not named; the instrument is described as "Discharge of Mechanic's Notice of Intention;" it runs to corporations and an individual therein described as "owner" and finally it directs and authorizes the County Clerk "to cancel, satisfy or discharge of Record the Mechanic's Notice of Intention aforesaid." Defendant argues that by virtue of the recital that plaintiff "has received the sum of Four Hundred ($400.00) Dollars in full satisfaction and discharge of the indebtedness due for labor performed and/or materials furnished in the erection and construction of the building aforesaid," the instrument releases defendant from the obligation to pay the unpaid balance. Irrespective of the legal merits of this argument, it has no applicability in this case since the owner of the land was not a debtor, nor did it stand in a contractual relationship to the materialmen. At most, the owner's land might be subject to a statutory lien for the contractor's debt and this is what it paid the money to be rid of. We do not think the instrument a release. It bears the indicia of a discharge of notice of intention and to hold it a release would do violence to the intent to be gathered from within its four corners. The instant case is not unlike *Brown* v. *White,* 29 *N. J. L.* 514, in which this court said:

"The debt was not in fact paid and satisfied, nor was any instrument executed which the law considers conclusive evidence that it was. What was done was to obtain from the creditor, in consideration of a sum of money advanced, an agreement that some of the debtors should not be proceeded against nor their property bound."

Appellant's argument that there was an accord and satisfaction presupposes a finding that there was a dispute as to the amount. As stated above, this was the subject of conflicting testimony and the trial court made no specific finding on this point. Under the rule in *Steinmeyer* v. *Phenix Cheese Co.,* 91 *N. J. L.* 351, this court will assume a finding by the trial court that there was no dispute as to the amount due and therefore no accord and satisfaction.

The purported authorization to the county clerk is ineffective for under *N. J. S. A.* 2:60-174 the cancellation of a

notice of intention shall be done at the instance only of the person filing such notice. *Cf. In re Dujanski,* 13 *N. J. Mis. R.* 546.

The judgment under appeal is affirmed, with costs.